IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CV  08  3325** |
| Plaintiff, | ) | |
| v. | ) | Civil No. _____ |
| AVRIL GIACOBBI, | ) | **BIANCO, J.** |
| ERIC SKLAR, | ) | |
| HELENE MACHAT MICHAEL, | ) | |
| MICHAEL MACHAT, | ) | **FILED** |
| STEVEN MACHAT, and | ) | IN CLERK'S OFFICE<br>U S DISTRICT COURT E.D N.Y. |
| CHERYL MACHAT DORSKIND, | ) | AUG 1 4 2008 |
| Defendants. | ) | |

## COMPLAINT

The United States of America, by its attorney, Benton J. Campbell, United States

Attorney for the Eastern District of New York, pursuant to the provisions of 26 U.S.C. §§ 7401

and 7403, with the authorization of the Secretary of the Treasury and at the direction of the

Attorney General of the United States, brings this action against the above defendants to

foreclose federal tax liens upon certain property hereinafter described. In support thereof, the

United States alleges as follows:

1.  Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1331, 1340

    and 1345 and 26 U.S.C. §§ 7402 and 7403.

2.    Avril Giacobbi is named as a party to this action because she may claim an interest in the properties upon which the United States seeks to foreclose its liens.

3.    Eric Sklar is named as a party to this action because he may claim an interest in the properties upon which the United States seeks to foreclose its liens.

4.    Helene Machat Michael is named as a party to this action because she may claim an interest in the properties upon which the United States seeks to foreclose its liens.

5.    Michael Machat is named as a party to this action because he may claim an interest in the properties upon which the United States seeks to foreclose its liens.

6.    Steven Machat is named as a party to this action because he may claim an interest in the properties upon which the United States seeks to foreclose its liens.

7.    Cheryl Machat Dorskind is named as a party to this action because she may claim an interest in the properties upon which the United States seeks to foreclose its liens.

8.    The property upon which the United States seeks to foreclose federal tax liens consists of four parcels of real property, more fully described as below, and hereinafter collectively referred to as "the Subject Property."

Parcel One:  Hampton Avenue, Northport, New York 11768, block 0300, lot 012

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the
>
> Town of Huntington, County of Suffolk and State of New York, and acquired by the party of the first party by Quitclaim Deed dated November 14, 1991 from Suffolk County, which acquired the parcel by Tax Deed on March 25, 1991, from General L. Rains, the Deputy County Treasurer of Suffolk County, New York, and being intended to be the same parcel which was Memorialized and Docketed April 3, 1991, Document Number 389464, in the Office of the Registrar of County of Suffolk on Certificate of Title Number 15905 and

otherwise known as and by Town of Huntington, Filed Map 296, Lots 97-100 Inc.

Parcel Two:  Orient Avenue, Northport, New York 11768, block 0300, lot 023

ALL those certain lots, pieces or parcels of land, situate, lying and being at Fresh Pond, in the Town of Huntington, County of Suffolk, State of New York, known and designated on a certain map entitled "H. Germer's Map of Fresh Pond Heights, situate at Fresh Pond, Town of Huntington, Suffolk County, New York, the property of Polly E. Collingwood, surveyed in August 1896 by C. P. Darling, C. E. Huntington, New York, and filed in the office of the Clerk of the County of Suffolk on July 23, 1904 as Map No. 296," as and by the lots numbers 111 and 112.

BEING the same property conveyed to the party of the first part by Margaret P. Germor, by deed dated March 3, 1941 and recorded in the office of the Clerk of the County of Suffolk on March 5, 1941, in Liber 2151 of Deeds, at page 504.

Parcel Three: Orient Avenue, Northport, New York 11768, block 0300, lot 024

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

Town of Huntington, County of Suffolk and State of New York, and acquired by the party of the first part by Quitclaim Deed dated November 14, 1991 from Suffolk County, which acquired the parcel by Tax Deed on March 25, 1991, from General L. Rains, the Deputy County Treasurer of Suffolk County, New York, and being intended to be the same parcel which was Memorialized and Docketed April 3, 1991, Document Number 389464, in the Office of the Registrar of County of Suffolk on Certificate of Title Number 13464, and otherwise known as and by Town of Huntington, Filed Map 296, Lots 109, 110.

Parcel Four: Berkshire Street, Northport, New York 11768, block 0300, lot 025

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

Town of Huntington, County of Suffolk and State of New York, and acquired by the party of the first part by Quitclaim Deed dated

November 14, 1991 from Suffolk County, which acquired the parcel by Tax Deed on March 25, 1991, from General L. Rains, the Deputy County Treasurer of Suffolk County, New York, and being intended to be the same parcel which was Memorialized and Docketed April 3, 1991, Document Number 389464, in the Office of the Registrar of County of Suffolk on Certificate of Title Number 13464, and otherwise known as and by Town of Huntington, Filed Map 296, Lots 107 & 108.

9.    By indenture dated March 28, 1996, Avril Giacobbi and Eric R. Sklar, Executors of the Estate of Martin J. Machat acquired title to Parcel One.

10.   By indenture dated December 15, 1949, Martin J. Machat, (now deceased) acquired title to Parcel Two.

11.   By indenture dated March 28, 1996, Avril Giacobbi and Eric R. Sklar, Executors of the Estate of Martin J. Machat, acquired title to Parcel Three.

12.   By indenture dated March 28, 1996, Avril Giacobbi and Eric R. Sklar, Executors of the Estate of Martin J. Machat, acquired title to Parcel Four.

13.   On June 25, 1999, a delegate of the Secretary of the Treasury made an assessment against the Estate of Martin Machat in the amount of $323,724.00 for estate taxes and statutory interest in the amount of $506,697.43, as the result of the final decision entered in Estate of Martin J. Machat, et al. v. Commissioner, No. 20099-92 (T.C. May 3, 1999).

14.   Notices of the assessments described in paragraph 13 and demand for their payment, were sent to the Estate of Martin J. Machat on or about June 25, 1999.  Despite notice and demand, the Estate of Martin J. Machat has failed to fully pay the assessments and statutory additions, and there remains due and owing to the United States with respect

- 4 -

thereto, the sum of $1,174,844.66, as of August 19, 2004, plus accrued interest and other statutory additions according to law.

15.    On September 11, 1998, a delegate of the Secretary of the Treasury made assessments against the Estate of Martin Machat in the amounts of $277,309.00 for fiduciary income taxes for the year 1989, $69,237.00 for penalties, and $377,287.06 for statutory interest as the result of the final decision entered in <u>Estate of Martin J. Machat, et al. v. Commissioner</u>, No. 21573-06 (T.C. Apr. 30, 1998).

16.    Notices of the assessments described in paragraph 15 and demand for their payment, were sent to the Estate of Martin J. Machat on or about September 11, 1998. Despite notice and demand, the Estate of Martin J. Machat has failed to fully pay the assessments and statutory additions, and there remains due and owing to the United States with respect thereto, the sum of $679,477.28, as of August 19, 2004, plus accrued interest and other statutory additions according to law.

17.    Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal, or failure of: the Estate of Martin J. Machat to provide for payment of the assessments described in paragraphs 13 and 15 above, after notice and demand, federal tax liens in the amount of the assessments, plus interest and other statutory additions, arose on the date of the assessments, and attached to all property and rights to property owned by Martin J. Machat or the Estate of Martin J. Machat, including the Subject Property.

18.    On June 5, 2002, the Internal Revenue Service filed a Notice of Federal Tax Lien for unpaid estate taxes assessed against the Estate of Martin J. Machat for the period ended December 31, 1989, in the Suffolk County, New York Clerk's Office.

19.   On January 7, 2003, the Internal Revenue Service filed a Notice of Federal Tax Lien for

unpaid federal fiduciary income taxes assessed against the Estate of Martin J. Machat

for the period ended December 31, 1989, in the Suffolk County, New York Clerk's

Office York.

**WHEREFORE**, the United States requests that this Court:

(A)   Determine and adjudge that the United States has valid and subsisting federal tax liens

on all property and rights to property belonging to the Estate of Martin J. Machat.

(B)   Determine and adjudge that the United States has valid and subsisting federal tax liens

on the Subject Property;

(C)   Order that the federal tax liens upon the Subject Property be foreclosed, and that the

Court order the sale of the Subject Property by an officer of this Court and distribute the

proceeds of the sale to such parties and in such amounts as the Court determines; and

(D)   Award the United States its costs and such further relief as the Court deems just and

proper.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

*Lisa L. Bellamy*

LISA L. BELLAMY (LB2923)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6416
Facsimile: (202) 514-5238
E-mail: lisa.l.bellamy@usdoj.gov